MONMOUTH  MUTUAL  FIRE  INS.  CO.  *vs.*  J.  HENRY  LOWELL.

*Mutual insurance company—assessment of.*

The charter of a mutual fire insurance company provided that the directors shall
settle and determine losses or damages to be paid by the several members of
the company, as their respective proportions thereof.  A majority of the di-
rectors voted to assess "a sum not exceeding $18,000, to meet the losses and
expenses incurred from Oct. 14, 1867, to Oct. 14, 1869," and appointed a minor-
ity thereof a committee to make the assessment, who thereupon made it
in a less sum.  *Held,* That the sum of the assessment, not having been fixed
by a majority of the directors, was illegal.

ON  REPORT.

The case is sufficiently stated in the opinion.

*E. O. Bean,* for the plaintiffs.

*A. Libbey,* for the defendant.

APPLETON, C. J.    This is an action of assumpsit upon the de-
fendant's note, given for the premium on a policy issued by the
plaintiff corporation to him upon his application therefor.

The plaintiffs' right to recover depends upon the validity of cer-
tain assessments which they claim to have been legally made.

By the eighth section of their charter, the directors of the com-
pany " shall, after receiving notice of any loss or damage by fire,
sustained by any member, and ascertaining the same, settle and
determine the same to be paid by the several members thereof, as
their respective proportions of such loss, and publish the same in
such manner as they shall see fit, or as the by-law shall have pre-
scribed," etc.

The amount of a loss or of losses is to be a fixed and definite
sum.   That sum is to be determined by the directors.   It must
obviously be a sum certain, else it will be impossible to ascertain
the " respective proportions " of the loss or losses which the other
members of the company are to pay.

At a meeting of the board of directors, holden on 10th Sept., 1869, at which a majority of the board were present, it was "voted, to make the fifteenth assessment upon the premium notes of the members of the first class, in a sum not exceeding eighteen thousand dollars, to meet the losses and expenses incurred by said class from Oct. 14, 1867, to October 14, 1869."

At the same meeting two of the directors, the board consisting of five, were appointed a committee "to make the fifteenth assessment upon the premium notes of the first class." This committee, consisting of John May and Augustus Sprague, proceeded to make an assessment to the amount of $15,047.49 "upon the premium notes of the members of said company, each one his respective proportion thereof set down" in the record of assessment, which was signed by them as assessing committee.

The sum to be assessed must be fixed by the directors, or a majority of their number. This was never done. A minority had no right to determine the sum. This they undertook to do. Their charter gave no such authority to a minority, and the directors could not legally delegate such authority to them. The directors having never settled and determined the sum to be assessed to meet losses, the assessment was without authority and void.

*Plaintiff nonsuit.*

KENT, WALTON, DICKERSON, BARROWS, and DANFORTH, JJ., concurred.